GEORGE SNOWDEN, BY HIS NEXT FRIEND, ALEXANDER SNOWDEN, AND ALEXANDER SNOWDEN AND MINNIE SNOWDEN, PLAINTIFFS-APPELLEES, v. "BY-FI" BUILDING AND LOAN ASSOCIATION OF JERSEY CITY, DEFENDANT-APPELLANT, AND KENNETH MARKS AND ISIDORE LEVINE, DEFENDANTS.

Argued October 2, 1934—Decided January 29, 1935.

For the plaintiffs-appellees, *Collins & Corbin* (*Edward A. Markley* and *Patrick F. McDevitt,* of counsel).

For the defendant-appellant, *Carey & Lane* (*Robert Carey, Harry Lane* and *David A. Pindar,* of counsel).

BROGAN, CHIEF JUSTICE. Plaintiff below, an infant, had judgment for personal injuries and his parents likewise had judgment for their expenses and loss of the infant's services, against the defendant.

At the time of the happening the infant lived with his parents in a house rented by them and owned by the defendant building and loan association, appellant, which association undertook to have the house renovated somewhat by painting and decorating contractors. In the course of the work a heavy radiator was disconnected and, as charged, negligently permitted "to remain in the hall in a dangerous, unstable and unguarded position." The result was that it fell on the infant plaintiff and injured him. The principal

question was whether any liability was solely that of the contractors, or whether the appellant was also chargeable because of active participation in the alleged negligent act.

The defendant appeals on the ground that its motion for nonsuit and direction of verdict should have prevailed; that the trial court erred in the admission and rejection of testimony, and that the court erred in its charge.

The reasons advanced in support of the nonsuit and direction of verdict in the defendant's behalf are the same, namely, that there was no evidence of negligence on the part of the defendant. Other reasons are now advanced in appellant's brief but they cannot be considered since they were not presented to the trial court.

(1) The defendant building and loan association, according to the testimony, had commissioned its secretary, Knoeller, to see that this painting contract was carried out. The witness, Knoeller, says that the removal of these radiators was included in the contract of the parties. This the painting contractors deny. The estimate of cost of the work is printed in the record and there is nothing to indicate that the disconnection and removal of the radiators was part of the work covered by the estimate. There was testimony on the part of the contractors that Knoeller directed them to disconnect the radiators, saying that "he would be responsible." Under our cases, Knoeller was acting within the scope of his apparent authority or within the scope of the authority which the defendant permitted him to hold himself out as having from his principal, the defendant. This testimony raised a question of fact for the jury and the denial of the motion for nonsuit and directed verdict was proper. *J. Wiss & Sons* v. *H. G. Vogel Co.*, 86 *N. J. L.* 618; *American Well Works* v. *Royal Ind. Co.*, 109 *Id.* 104, 108.

(2) The challenged testimony, which is made the subject of a ground of appeal, all relates to the same thing, namely, the authority of Knoeller, the secretary of the building and loan association, to bind his principal, the defendant. To some of the questions, proper exception was not taken but, passing that, it is manifest that the questions which the court permitted the witnesses, Marks and Levine (painting con-

tractors) to answer were under the circumstances, proper. They all had to do with the work to be done under the contract and upon which the estimate was silent. There was in fact no written contract at all, merely a bid for work and since this work was given out by the witness, Knoeller, for his principal, and since further there was testimony that he exercised supervision, it was quite competent to determine his status from what he said to the contractors and the directions that he gave them, all this being within the apparent scope of his authority.

(3) The challenge to the court's charge relates to what was said about the question of the liability of the building and loan and is premised on the argument that there was no evidence upon which the question of the liability of the building and loan association could go to the jury. From what has been said, it is unnecessary to discuss this except to point out again that if Knoeller was acting within the scope, or apparent scope of his authority, the question was one of fact for the jury. The refusal of the court to charge as requested was warranted because the request to charge contained premises for which there was no foundation in the testimony.

We find no error in the record and the judgment under review will be affirmed, with costs.